```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

ANGEL J. SIERRA,                :
      Plaintiff,                :
                                :         PRISONER
V.                              :    CASE NO. 3:11-cv-51(RNC)
PAUL ORTIZ, et al.,             :
      Defendants.               :
```

INITIAL REVIEW ORDER

Plaintiff, currently incarcerated at the Brooklyn Correctional Institution, brings this action pro se under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On November 1, 2012, the Court ordered plaintiff to file a fourth amended complaint identifying each defendant in the case caption, providing each defendant's work address, and alleging facts showing how each defendant violated his constitutional rights. See Initial Review Order [ECF No. 14]. Plaintiff filed a fourth amended complaint, naming only two defendants: Paul Ortiz and John Doe/Rac Turman, Bridgeport police officers who were acting as ATF agents at the pertinent time. Thus, these are the only two defendants in this case, and claims against any other persons listed in prior complaints are considered withdrawn.

This action arises out of plaintiff's indictment on June 23, 2010 for unlawful possession of a firearm and ammunition by a previously convicted felon. Plaintiff alleges that in order to

procure the indictment, the defendants made the following series of misrepresentations before the grand jury: the defendants showed a video recording of an individual, who they falsely claimed was plaintiff, selling firearms; the defendants showed photographs of firearms supposedly taken at plaintiff's children's mother's house, which were actually copies of images obtained from the internet; and the defendants fabricated recordings of phone conversations purportedly involving plaintiff.  In addition, plaintiff alleges that a confidential witness testified on the basis of false information provided to him by the defendants.

On July 2, 2010, plaintiff was arrested pursuant to the indictment.  He pleaded not guilty and was detained in federal custody pending trial.  On September 24, 2010, the Government moved to dismiss the indictment.  On September 27, 2010, the motion was granted, plaintiff was released from federal custody, and the charges were dropped.[1]  See United States v. Sierra, Case No. 3:10-CR-136 (MRK) (D. Conn. 2010).

Construed as a claim for damages under Bivens for malicious

---

[1] The amended complaint also alleges that the defendants did not return plaintiff's identification when he was released, or transport plaintiff to state court even though they knew that the federal charges had prevented him from appearing in state court on state charges.  These allegations, however, do not support a cognizable claim.  See Initial Review Order [ECF No. 5] at p. 4 n.1.

prosecution in violation of the Fourth Amendment, the Court concludes that the complaint should be served on defendants Ortiz and Doe/Turman at this time.[2]

ORDERS

(1)  The case will proceed against defendants Ortiz and Turman only.  The claims against any other defendants are considered withdrawn.

(2)  **The Pro Se Prisoner Litigation Office shall** mail a waiver of service of process request packets to defendant Ortiz c/o Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut 06604, and to defendant Turman at the Bureau of Alcohol, Tobacco and Firearms, 600 State Street, New Haven, CT 06511 within **fourteen (14) days** of this Order.  The Pro Se Litigation Office also shall prepare a summons for service on the United States.  The Office shall deliver three copies of the summons and complaint to the United States Attorney for the District of Connecticut, at any one of the three offices, send two copies of the summons and complaint by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, and send a copy of the summons and complaint by registered or certified mail

---

[2] The Court previously concluded in a detailed opinion that similar allegations made by plaintiff against defendants Ortiz and Doe - construed as a claim for malicious prosecution - were sufficient to withstand review under section 1915A.  See Initial Review Order [ECF No. 5].

3

to the Bureau of Alcohol, Tobacco and Firearms.

The Pro Se Prisoner Litigation Office shall report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

So Ordered this 20th day of December 2012, at Hartford, Connecticut.

/s/ RNC
Robert N. Chatigny
United States District Judge